**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO**

LISA J. HERRERA, as Personal Representative
of the Estate of RUDOLFO R. LUCERO, Deceased,

    Plaintiff,

vs.                                                                    CV 11-848 CG/KBM

CITY OF ROSWELL, ROBERT SMITH,
ERIC BRACKEEN, and JOHN MEREDITH,

    Defendants.

**ORDER GRANTING DEFENDANTS' MOTION TO EXCLUDE TESTIMONY FROM
PLAINTIFF'S ECONOMIST CONCERNING HEDONIC DAMAGES**

**THIS MATTER** is before the Court on *Defendants' Motion to Exclude Testimony From Plaintiff's Economist Concerning Hedonic Damages* ("Motion"), filed on July 15, 2013, (Doc. 65); Plaintiff's *Response and Brief in Support to [sic] Motion to Exclude Testimony From Plaintiff's Economist Concerning the Value of Life Itself* ("Response"), filed on August 2, 2013, (Doc. 74); and *Defendants' Reply in Support of Motion to Exclude Testimony From Plaintiff's Economist Concerning Hedonic Damages* ("Reply"), filed on August 26, 2013, (Doc. 81).

In their Motion, Defendants move the Court for an Order preventing Plaintiff's economic expert, Allen Parkman, from offering testimony as to any quantitative measure of hedonic damages. (Doc. 65 at 5; Doc. 81 at 2). Plaintiff argues that "federal courts have allowed expert testimony from economists as to the concept and meaning of hedonic damages and the areas of experience that should be considered in determining those damages." (Doc. 74 at 1). Although Plaintiff also contends that Mr. Parkman

should be qualified as an expert under Federal Rule of Evidence 702 because his testimony would help the trier of fact understand the issue of hedonic damages, she does not specifically assert that Mr. Parkman should be allowed to testify as to a quantitative measure of hedonic damages.   (*See* Doc. 74).

Recovery of hedonic damages is allowed in the State of New Mexico.   *See Romero v. Beyers*, 872 P.2d 840, 846 (1994).   The Tenth Circuit has permitted an expert witness to "explain his interpretation of the meaning of hedonic damages and offer four broad areas of human experience which he would consider in determining those damages."   *Smith v. Ingersoll-Rand Co.*, 214, F.3d 1235, 1246 (10th Cir. 2000). However, federal courts do not generally allow expert testimony that "places a dollar figure before the jury in an attempt to quantify the value of a human life."   *BNSF Railway Company v. LaFarge Southwest, Inc., et. al*, No. 06-1076 MCA/LFG, 2009 WL 4279849, at *2 (D.N.M. Feb. 9. 2009) (unpublished).

In their Motion, Defendants do not contest that Mr. Parkman can provide testimony explaining hedonic damages as a concept; they request only that the Court exclude any testimony that seeks to quantify hedonic damages.   (Doc. 81 at 2-3).   As set out in *Ingersoll-Rand*, and conceded by the parties, expert testimony regarding the concept of hedonic damages is permitted.   However, to the extent Plaintiff is arguing that Mr. Parkman should be allowed to provide testimony quantifying the hedonic damages in this case, this shall not be permitted.

**IT IS THEREFORE ORDERED** that *Defendants' Motion to Exclude Testimony From Plaintiff's Economist Concerning Hedonic Damages*, (Doc. 65), is **GRANTED**. Plaintiff's expert economist shall not be permitted to provide any opinions regarding any dollar values or range of values attributable to a statistical life or the life of the decedent.

_____
CARMEN E. GARZA
UNITED STATES MAGISTRATE JUDGE