IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

LISA J. HERRERA, as Personal Representative
of the Estate of RUDOLFO R. LUCERO, Deceased,

    Plaintiff,

vs.                                                        CV 11-848 CG/KBM

CITY OF ROSWELL, ROBERT SMITH,
ERIC BRACKEEN, and JOHN MEREDITH,

    Defendants.

### ORDER DENYING DEFENDANT CITY OF ROSWELL'S
### MOTION FOR PARTIAL SUMMARY JUDGMENT

**THIS MATTER** is before the Court on *Defendant City of Roswell's Motion for Partial Summary Judgment Regarding Claims of Supervisory and Municipal Liability Under § 1983, And Memorandum in Support* ("Motion for Partial Summary Judgment"), filed on July 15, 2013, (Doc. 62). Plaintiff filed her *Response to Motion for Partial Summary Judgment Filed by Defendant City of Roswell* on August 2, 2013, (Doc. 72), and on August 26, 2013, *Defendant City of Roswell's Reply in Support of Its Motion for Summary Judgment Regarding Claims on Municipal Liability Under § 1983*, (Doc. 79), was filed.

    **I.**    **Background**

On September 23, 2009, Rudolfo R. Lucero died of gunshot wounds he sustained after exchanging gunshots with Defendant Police Officers Eric Brackeen and John Meredith. (Doc. 1 at 5-6). Plaintiff Lisa J. Herrera, in her capacity as Personal Representative of the Estate of Rudolfo R. Lucero, filed the *Complaint for Damages For Deprivation of Civil Rights, Wrongful Death, and New Mexico Tort Claims Act Violations*

against Defendants City of Roswell, Robert Smith, Eric Brackeen, and John Meredith.

The Complaint outlines claims of municipal and supervisory liability, pursuant to 42 U.S.C. § 1983, and claims under the New Mexico Tort Claims Act, against the City of Roswell.  (Doc. 1 at 16-18, 21).  Plaintiff alleges that the City of Roswell maintained a policy or custom of providing its law enforcement officers with inadequate training and supervision regarding profiling, detention, seizure, the use of force, and the use of deadly force.  (Doc. 1 at 17).  Plaintiff also contends that the City of Roswell has a policy or custom of inadequately and improperly investigating citizens' complaints of acts of police misconduct.  (Doc. 1 at 17).  Plaintiff argues that these policies and/or customs resulted in the City of Roswell's deliberate indifference to the widespread deprivation of citizens' constitutional rights, as well as the deprivation of Mr. Lucero's constitutional rights. (Doc. 1 at 16-17).

## II.     Defendant City of Roswell's Motion for Partial Summary Judgment

Defendant City of Roswell moved for partial summary judgment on the issue of City of Roswell's supervisory and municipal liability under § 1983.  (Doc. 62). Defendant City of Roswell contends that Plaintiff has no evidence to support a claim of municipal or supervisory liability.  (Doc. 62 at 6).

The court shall grant summary judgment only if "the movant shows that there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a).  The movant bears the burden of making a *prima facie* demonstration that there is no genuine issue of material fact. *Adler v. Wal–Mart Stores, Inc.,* 144 F.3d 664, 670–71 (10th Cir.1998) (citing *Celotex Corp. v. Catrett,* 477 U.S. 317, 323 (1986)).  If the moving party has demonstrated an absence of material

2

fact, the "nonmoving party must come forward with specific facts showing that there is a genuine issue for trial." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 587(1986) (internal quotations omitted).

In its Motion for Partial Summary Judgment, Defendant City of Roswell included two pages of "background facts" that are entirely unsupported by any citations to the record, six undisputed facts,[1] three paragraphs outlining the legal authority relevant to a claim of municipal liability, and one conclusory sentence that states that the undisputed facts show that Plaintiff has no evidence to support a claim of municipal or supervisory liability. (Doc. 62). Defendant City of Roswell also attached excerpts from Plaintiff's answers to interrogatories and deposition testimony as supporting evidence. (Docs. 62-1, 62-2, 62-3, 62-4).

Defendant City of Roswell has failed to adequately inform the court of the basis for its motion. *See Celotex*, 477 U.S. at 323. The Motion for Summary Judgment contains no analysis of how the undisputed facts show that, based on legal authority, there is no municipal or supervisory liability. Defendant's entire argument consists of two sentences: "In this case, as illustrated by the undisputed facts, Plaintiff has no evidence to support a claim of municipal or supervisory liability against the City of Roswell under § 1983. Accordingly, these claims should be dismissed." (Doc. 62 at 6).

---

[1] One of the undisputed facts that Defendant City of Roswell proffers is that Defendant John Meredith was "well-qualified to be a law enforcement officer with the City of Roswell." (Doc. 62 at 4). Plaintiff has claimed that Defendant City of Roswell has a custom or policy of inadequately training law enforcement officers on the use of deadly force. (Doc. 1 at 17). Defendant City of Roswell's contention that Defendant Meredith was well-qualified to be a law enforcement officer with the City of Roswell is more accurately characterized as a legal conclusion, and should be supported with more than Meredith's own testimony that he received some training at the law enforcement academy. (Doc. 62-3 at 2). Defendant City of Roswell does not provide any evidence regarding the specific type of training Defendant Meredith received, or the depth of his training, and none of its supporting documents mention any training on the use of deadly force. The Court addresses this particular "undisputed fact" to provide an example of the inadequate factual and legal showings found in Defendant City of Roswell's Motion for Partial Summary Judgment.

Although it may be the case that Plaintiff cannot support her claims of supervisory and municipal liability, Defendant City of Roswell has failed to provide the Court with any legal argument on which it can make such an assessment.  See *Celotex*, 477 U.S. at 328 (White, J., concurring) ("It is not enough to move for summary judgment without supporting the motion in any way or with a conclusory assertion that the plaintiff has no evidence to prove his case.").  One conclusory paragraph that does not apply the law to the facts is insufficient to make a *prima facie* showing that there is no genuine issue of material fact and Defendant City of Roswell's Motion for Partial Summary Judgment will be denied.

### III.    Plaintiff's Motion to Strike

Plaintiff filed her *Motion to Strike Portions of Motion for Partial Summary Judgment Filed by Defendant City of Roswell and Memorandum in Support* ("Motion to Strike") on August 2, 2013, (Doc. 68).  In her Motion to Strike, Plaintiff points out that the information contained in the "Introduction" section of Defendant City of Roswell's Motion for Partial Summary Judgment is not supported by citations to the record; Plaintiff requests that this information be stricken.  (Doc. 68 at 1-2).  Plaintiff's Motion to Strike is unnecessary; the Court has not considered this information in its analysis of Defendant City of Roswell's Motion for Partial Summary Judgment.  Plaintiff's Motion to Strike is **DENIED AS MOOT**.

## IV. Conclusion

For the reasons outlined above, *Defendant City of Roswell's Motion for Partial Summary Judgment Regarding Claims of Supervisory and Municipal Liability Under § 1983, And Memorandum in Support*, (Doc. 62), is **DENIED**.

_____
THE HONORABLE CARMEN E. GARZA
UNITED STATES MAGISTRATE JUDGE