IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

LISA J. HERRERA, as Personal Representative
of the Estate of RUDOLFO R. LUCERO, Deceased,

    Plaintiff,

vs.                                                                                          CV 11-848 CG/KBM

CITY OF ROSWELL, ROBERT SMITH,
ERIC BRACKEEN, and JOHN MEREDITH,

    Defendants.

## ORDER DENYING DEFENDANT ROBERT SMITH'S MOTION FOR SUMMARY JUDGMENT

**THIS MATTER** is before the Court on *Defendant Robert Smith's Motion for Summary Judgment and Memorandum in Support* ("Motion for Summary Judgment"), filed on July 15, 2013, (Doc. 63). Plaintiff filed her *Response and Brief In Support of Response to Defendant Robert Smith's Motion for Summary Judgment* on August 2, 2013, (Doc. 73), and on August 26, 2013, *Defendant Robert Smith's Reply in Support of Motion for Summary Judgment*, (Doc. 80), was filed.

    **I.**    **Background**

On September 23, 2009, Rudolfo R. Lucero died of gunshot wounds he sustained after exchanging gunshots with Defendant Police Officers Eric Brackeen and John Meredith. (Doc. 1 at 5-6). Plaintiff Lisa J. Herrera, in her capacity as Personal Representative of the Estate of Rudolfo R. Lucero, filed the *Complaint for Damages For Deprivation of Civil Rights, Wrongful Death, and New Mexico Tort Claims Act Violations* against Defendants City of Roswell, Chief of Police Robert Smith, Eric Brackeen, and John Meredith.

The Complaint asserts claims of supervisory liability under 42 U.S.C. § 1983. (Doc. 1 at 14-16). Plaintiff alleges that Defendant Smith failed to properly screen, hire, train, supervise, and discipline subordinate law enforcement officers. (Doc. 1 at 14-16). In her Complaint, Plaintiff also contends that Defendant Smith's alleged failure to adopt appropriate policies regarding screening, hiring, training, supervising, and disciplining was callously indifferent to the rights of the public. (Doc. 1 at 16). Plaintiff also asserts claims of supervisory liability under the New Mexico Tort Claims Act for Defendant Smith's conduct. (Doc. 1 at 20-21).

## II.    Defendant Smith's Motion for Summary Judgment

Defendant Smith moves for summary judgment[1] on the claims against him; contending that Plaintiff has no evidence to support her claims against him. (Doc. 63 at 5-6).

The court shall grant summary judgment only if "the movant shows that there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). The movant bears the burden of making a *prima facie* demonstration that there is no genuine issue of material fact. *Adler v. Wal–Mart Stores, Inc.,* 144 F.3d 664, 670–71 (10th Cir.1998) (citing *Celotex Corp. v. Catrett,* 477 U.S. 317, 323 (1986)). If the moving party has demonstrated an absence of material fact, the "nonmoving party must come forward with specific facts showing that there is a genuine issue for trial." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 587(1986) (internal quotations omitted).

In his motion for summary judgment, Defendant Smith included two pages of

---

[1] Defendant Smith's Motion for Summary Judgment states on the first page that he is moving for partial summary judgment, but the rest of the motion suggests that he is moving for summary judgment on all claims against him. (Doc. 63)

"background facts" that are entirely unsupported by any citations to the record and seven undisputed facts.[2] (Doc. 63 at 2-5). Defendant Smith also attached excerpts from Plaintiff's answers to interrogatories and deposition testimony as evidence that supports his undisputed facts. (Docs. 63-1, 63-2, 63-3, 63-4, 63-5). The Motion for Summary Judgment contains one paragraph of legal authority that describes Plaintiff's burden in showing that Defendant Smith should be held liable under § 1983 and one paragraph of legal authority regarding the claims under the New Mexico Tort Claims Act. (Doc. 63 at 5-6). After each of these paragraphs, Defendant Smith asserts that Plaintiff has no evidence to support her claims. (Doc. 63 at 5-6).

Defendant Smith offers no argument as to how the undisputed facts support a prima facie showing that Plaintiff has no evidence to support her claims. A conclusory statement that Plaintiff has no evidence to support her claims does not sufficiently inform the Court of the basis for Defendant Smith's Motion for Summary Judgment. *See Celotex*, 477 U.S. at 323.

Although it may be the case that Plaintiff cannot support her claims of supervisory liability, Defendant Smith has failed to provide the Court with any legal argument on which it can make such an assessment. *See Celotex*, 477 U.S. at 328 (White, J., concurring) ("It is not enough to move for summary judgment without

---

[2] One of the undisputed facts that Defendant Smith proffers is that Defendant John Meredith was "well-qualified to be a law enforcement officer with the City of Roswell." (Doc. 63 at 4). He supports this assessment with deposition testimony from Defendant Meredith that he received some training at the law enforcement academy. (Doc. 63-4 at 2). There is no deposition testimony regarding what topics this training covered, how extensive it was, whether the training was typical of that received by other law enforcement officers, or whether Defendant Meredith received any training on the use a deadly force. This is notable as Plaintiff has specifically claimed that law enforcement officers in Roswell were inadequately trained on the use of deadly force. (Doc. 1). Without any additional context or legal analysis from Defendant Smith, the Court is unsure how this undisputed fact makes a *prima facie* showing that there is no genuine issue of material fact as to whether Defendant Smith improperly trained or supervised subordinate law enforcement officers. The Court addresses this particular "undisputed fact" to provide an example of the inadequate factual and legal showings found throughout Defendant Smith's Motion for Summary Judgment.

supporting the motion in any way or with a conclusory assertion that the plaintiff has no evidence to prove his case."). A motion that consists of a few conclusory sentences that do not apply the law to the facts is insufficient to make a *prima facie* showing that there is no genuine issue of material fact and Defendant Smith's Motion for Summary Judgment will be denied.

### III.  Plaintiff's Motion to Strike

Plaintiff filed her *Motion to Strike Portions of Motion for Partial Summary Judgment Filed by Defendant Robert Smith and Memorandum in Support* ("Motion to Strike") on August 2, 2013. (Doc. 69). In her Motion to Strike, Plaintiff points out that the information contained in the "Introduction" section of Defendant Robert Smith's Motion for Summary Judgment is not supported by citations to the record; Plaintiff requests that this information be stricken. (Doc. 69 at 1-2). Plaintiff's Motion to Strike was unnecessary; the Court has not considered this information in its analysis of Defendant Smith's Motion for Summary Judgment. Plaintiff's Motion to Strike is **DENIED AS MOOT**.

### IV.  Conclusion

For the reasons outlined above, *Defendant City of Roswell's Motion for Partial Summary Judgment Regarding Claims of Supervisory and Municipal Liability Under § 1983, And Memorandum in Support*, (Doc. 63), is **DENIED**.

_____
THE HONORABLE CARMEN E. GARZA
UNITED STATES MAGISTRATE JUDGE