IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

LISA J. HERRERA, as Personal Representative
of the Estate of RUDOLFO R. LUCERO, Deceased,

    Plaintiff,

vs.                                                                                              CV 11-848 CG/KBM

CITY OF ROSWELL, ROBERT SMITH,
ERIC BRACKEEN, and JOHN MEREDITH,

    Defendants.

## ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS BRACKEEN AND MEREDITH'S MOTION FOR PARTIAL SUMMARY JUDGMENT

**THIS MATTER** is before the Court on the *Motion for Partial Summary Judgment Filed By Defendants Eric Brackeen and Jon Meredith and Memorandum In Support* ("Motion for Partial Summary Judgment"), filed on July 15, 2013, (Doc. 64); *Plaintiff's Response and Memorandum In Support Of Its Response to Motion and Memorandum For Partial Summary Judgment Filed By Defendants Eric Brackeen and John Meredith* ("Response"), filed on August 2, 2013, (Doc. 71); and the *Reply In Support of Motion for Partial Summary Judgment Filed By Defendants Eric Brackeen and Jon Meredith* ("Reply"), filed on August 26, 2013, (Doc. 78).

    **I.**    **Background**[1]

On September 23, 2009, Defendants Meredith and Brackeen were driving an unmarked police vehicle (a Tahoe) while patrolling the Baker District in the City of Roswell. (Doc. 64 at 5; Doc. 71 at 6). Defendants Meredith and Brackeen observed

---

[1] The Court recites only the undisputed material facts that are necessary to resolve the issues raised in Defendants' Motion for Partial Summary Judgment.

Mr. Lucero[2] walking and decided to speak with him because he was, in their opinion, displaying suspicious behavior. (Doc. 64 at 6; Doc. 71 at 4). They stopped the Tahoe about ten to twenty feet away from Mr. Lucero. (Doc. 64 at 6; Doc. 74 at 5). Defendants contend that Defendant Meredith asked Mr. Lucero to speak with him, to which Mr. Lucero responded "Fuck you" and continued to walk, and then run, away from the officers. (Doc. 64 at 7). In Plaintiff's version of the events, Defendants Meredith and Brackeen made a high speed stop about fifteen to twenty feet away from Mr. Lucero while he was running; shots were being exchanged at the time of the stop.[3] (Doc. 71 at 4-7). Although the parties dispute the exact events after Defendants Meredith and Brackeen stopped the vehicle, in both parties' versions, Mr. Lucero was moving away from the officers throughout the encounter.

Mr. Lucero received eight gunshot wounds during the incident, and ultimately died of those wounds. (Doc. 64 at 8; Doc. 71 at 8-9). Two years later, on September 22, 2011, in her capacity as Personal Representative of the Estate of Rudolfo R. Lucero, Plaintiff Lisa J. Herrera filed the *Complaint for Damages For Deprivation of Civil Rights, Wrongful Death, and New Mexico Tort Claims Act Violations* against Defendants City of Roswell, Robert Smith, Eric Brackeen, and John Meredith. Plaintiff alleges that Defendants Meredith and Brackeen violated Mr. Lucero's Fourteenth Amendment right to be free from selective enforcement of the law through profiling. (Doc. 1 at 10). Plaintiff also alleges that Defendants Meredith and Brackeen unreasonably detained Mr.

---

[2] It is undisputed that Defendants Meredith and Brackeen did not know who Mr. Lucero was at the time that they first observed him. (Doc. 71 at 3; Doc. 78 at 4).

[3] Plaintiff offers a convoluted account of the incident and provides support for her version in the form of witness statements in police reports and deposition testimony. Some of this evidence is hearsay and would not be admissible at trial. Moreover, the Court finds it unnecessary to address each particular fact that Plaintiff puts forth, as none of the witness statements specifically contradict Defendants' contention that Mr. Lucero did not stop and speak with the officers as requested. A fact that is not specifically controverted is deemed undisputed. D.N.M.LR-Civ. 56.1(b).

Lucero and used excessive force in violation of his Fourth Amendment rights. (Doc. 1 at 10-14). In the Complaint, Plaintiff claims that Defendants Meredith and Brackeen are liable under the New Mexico Tort Claims Act for failing to render timely and appropriate medical care, failing to immediately contact emergency medical services, failing to exercise reasonable care under the circumstances, using excessive force, failing to intervene to prevent one another from engaging in tortious conduct, improperly profiling and attacking Mr. Lucero, failing to announce themselves as law enforcement personnel, and causing personal injury and the wrongful death of Mr. Lucero resulting from assault, battery, false detention, and/or deprivation of rights secured by the constitution and laws of the United States and New Mexico. (Doc. 1 at 19-20). In their Motion for Partial Summary Judgment, Defendants Meredith and Brackeen move for partial summary judgment on all claims except the claim of excessive force. (Doc. 64 at 1).

## II. Defendants Meredith and Brackeen's Motion for Partial Summary Judgment

### a. *Standard of Review*

The court shall grant summary judgment only if "the movant shows that there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). The movant bears the burden of making a *prima facie* demonstration that there is no genuine issue of material fact. *Adler v. Wal–Mart Stores, Inc.,* 144 F.3d 664, 670–71 (10th Cir.1998) (citing *Celotex Corp. v. Catrett,* 477 U.S. 317, 323 (1986)). If the moving party has demonstrated an absence of material fact, the "nonmoving party must come forward with specific facts showing that there is a genuine issue for trial." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574,

3

587(1986) (internal quotations omitted). The nonmovant must go beyond the allegations and denials of his pleadings and provide admissible evidence, which the Court views in the light most favorable to him. *Panis v. Mission Hills Bank, N.A.,* 60 F.3d 1486, 1490 (10th Cir.1995).

In a § 1983 action, defendants are entitled to qualified immunity unless their alleged conduct violated clearly established constitutional rights of which a reasonable person in their positions would have known. *Brooks v. Gaenzle*, 614 F.3d 1213, 1219 (10th Cir. 2010). When the defendant has raised qualified immunity as an affirmative defense, the plaintiff must demonstrate that the defendant violated a constitutional right and that the constitutional right was clearly established at the time of the alleged conduct. *Id.*

### b. <u>Wrongful Detention Claims Under § 1983 and New Mexico Tort Claims Act</u>

Defendants Meredith and Brackeen argue that Plaintiff's claims that they wrongfully detained Mr. Lucero in violation of the Fourth Amendment and the New Mexico Tort Claims Act have no merit because there was no seizure. (Doc. 64 at 9-12). They assert that, because a seizure did not occur, the Fourth Amendment is not implicated and there is no reason to consider whether there was reasonable suspicion to speak with Mr. Lucero. (Doc. 64 at 9-12). In response, Plaintiff argues that Defendants Meredith and Brackeen did not have reasonable suspicion to speak to or detain Mr. Lucero and therefore, the encounter was unreasonable and a violation of the Fourth Amendment. (Doc. 71 at 11-22). Plaintiff also asserts that Defendants Meredith and Brackeen knew or should have known that it was necessary to have reasonable suspicion of criminal activity before conducting an investigatory stop of Mr. Lucero and

4

that this right was clearly established in *Terry v. Ohio*, 392 U.S. 1 (1968).

The Fourth Amendment protects individuals against unreasonable searches and seizures, including seizures of the person. U.S. Const. amend IV; *California v. Hodari D.*, 499 U.S. 621, 624 (1991). When a law enforcement officer approaches an individual and requests information, the Fourth Amendment is not implicated if the encounter is consensual. *United States v. Williams*, 356 F. 3d 1268, 1274 (10th Cir. 2003). However, the protections of the Fourth Amendment are implicated if the interaction is transformed from a consensual encounter into a seizure. *Id*.

A seizure occurs when an officer has, "by means of physical force or show of authority, . . . in some way restrained the liberty of a citizen." *Terry*, 392 U.S. at 19 n.16. The test for whether there has been a showing of authority is whether a reasonable person would believe that, through his words and actions, an officer was ordering the individual to stop. *Hodari*, 499 U.S. at 628. "[A] person is 'seized' only when, by means of physical force or a show of authority, his freedom of movement is restricted." *United States v. Mendenhall*, 446 U.S. 544, 553 (1980). A seizure does not occur if an individual does not yield to a show of authority. *Hodari*, 499 U.S. at 626. As the Supreme Court found in *Hodari*, the word seizure does not apply "to the prospect of a policeman yelling 'Stop in the name of the law!' at a fleeing form that continues to flee." *Id*.

To conduct even a brief, non-consensual, investigatory stop, a law enforcement officer must have reasonable, articulable suspicion that criminal activity is afoot. *See Terry*, 392 U.S. 21-22, 30

In this case, Plaintiff argues that Defendants Meredith and Brackeen did not have

reasonable suspicion to detain Mr. Lucero and, therefore, he was unreasonably detained in violation of his Fourth Amendment rights.  One version of events that Plaintiff has offered through testimony is that Defendants Meredith and Brackeen came to a high speed stop approximately fifteen feet away from Mr. Lucero, who fired gunshots towards the vehicle and then fled.  (Doc. 71 at 4-5).  Assuming that this is true, Plaintiff has not shown that a seizure occurred.  The Supreme Court has unequivocally stated that an individual must yield to a show of authority for a seizure to occur; in this case, Mr. Lucero ran away from the officers rather than yield to their authority.

     Plaintiff puts forth several arguments in support of her contention that Defendants Meredith and Brackeen violated Mr. Lucero's Fourth Amendment rights.  She asserts that the officers did not have reasonable suspicion to stop Mr. Lucero, and further argues that the encounter was not consensual and that Mr. Lucero would not have felt free to terminate the encounter.  (Doc. 71 at 14-22).  In support of these arguments, she cites legal authority that addresses when a stop is reasonable, as well as how courts may assess whether a detention has occurred.  However, each of these cases deals with a situation in which the individual has actually been detained by law enforcement and the issue is whether the encounter was transformed from a consensual interaction into a seizure implicating an individual's Fourth Amendment rights.  Plaintiff does not, and cannot, argue that an individual who is fleeing from authorities has been seized.

     Without an actual seizure, the Court has no need to consider whether Defendants Meredith and Brackeen had reasonable suspicion to detain Mr. Lucero, or whether it was reasonable to try to stop him under the Fourth Amendment.  Defendants

Meredith and Brackeen did not effectuate a seizure of Mr. Lucero and, thus, there could not have been a wrongful detention under the Fourth Amendment.

### c. *Unlawful Profiling Claims Under § 1983 and New Mexico Tort Claims Act*

In their Motion for Partial Summary Judgment, Defendants Meredith and Brackeen assert that they should be granted on Plaintiff's unlawful profiling claims. (Doc. 64 at 9). In her Complaint, Plaintiff alleged that Mr. Lucero had the "constitutional right to be free selective enforcement of the law through practices like profiling," citing *Whren v. United States*, 517 U.S. 806 (1996). (Doc. 1 at 10). In *Whren*, the Supreme Court stated that a claim regarding the selective enforcement of the law based on considerations of race is properly brought under the Equal Protection Clause of the Fourteenth Amendment. *Whren*, 517 U.S. at 813. "[T]he right to equal protection may be violated even if the actions of the police are acceptable under the Fourth Amendment." *Marshall v. Columbia Lea Regional Hospital*, 245 F.3d 1157, 1166 (10th Cir. 2003).

Although Defendants Meredith and Brackeen assert that Plaintiff's equal protection claims are meritless, they do not offer any legal authority or analysis regarding their contention. (Doc. 64 at 9-12). The relevant section of Defendants' Motion for Partial Summary Judgment focuses only on their argument that there was not a Fourth Amendment violation. The Motion for Partial Summary Judgment does not contain any analysis of Plaintiff's claims as they relate to the Equal Protection Clause. It is possible that Defendants Meredith and Brackeen violated Mr. Lucero's Fourteenth Amendment rights even if they did not wrongfully detain him. By failing to specifically address the merits of Plaintiff's Equal Protection Clause claim, Defendants have not

adequately informed the Court of the basis for their argument, *see Celetox*, 477 U.S. at 323, and summary judgment on these claims is denied.

### d. The Issue of Whether Mr. Lucero Shot First

In the Motion for Partial Summary Judgment, Defendants Meredith and Brackeen state that they "are entitled to summary judgment as a matter of law that Mr. Lucero shot at Defendants first." (Doc. 64 at 12). They then point to some facts in the record that allegedly support this contention. (Doc. 64 at 12). The Court cannot discern what Defendants are moving for in this section.

Under Rule 56(a) of the Federal Rules of Civil Procedure, "[a] party may move for summary judgment, identifying each claim or defense – or the part of each claim or defense – on which summary judgment is sought." Whether Mr. Lucero shot first is an issue of fact, and not a legal claim, and therefore, the Court cannot grant Defendants' Motion for Summary Judgment on this "issue."

### e. Negligence Claims Under New Mexico Tort Claims Act[4]

Defendants Meredith and Brackeen argue that they are entitled to summary judgment on Plaintiff's claims of negligence under the New Mexico Tort Claims Act. (Doc. 64 at 13-14). Specifically, Defendants argue that Plaintiff's claims regarding the failure to render timely and appropriate medical care and failure to immediately contact emergency medical services should be dismissed. (Doc. 64 at 14). In her Response, Plaintiff voluntarily dismisses those claims with prejudice. (Doc. 71 at 23). To the

---

[4] Plaintiff has brought several intentional tort claims under the New Mexico Tort Claims Act. (Doc. 1 at 19-20). Although the Motion for Partial Summary Judgment states that Defendants are moving to dismiss all claims except the claim of excessive force, Defendants have not provided any argument or briefing on whether the intentional tort claims of assault and battery should also be dismissed, or considered to be part of the excessive force claims. Thus, the Court has not considered whether any of the intentional tort claims brought by Plaintiff should be dismissed.

extent that Defendants have moved to dismiss any of Plaintiff's other claims of negligence under the New Mexico Tort Claims Act, summary judgment is denied, as none of these claims have been specifically identified in Defendants' Motion for Partial Summary Judgment.

### III.    Plaintiff's Motion to Strike

Plaintiff filed her *Motion to Strike Portions of Motion for Partial Summary Judgment Filed by Defendants Eric Brackeen and John Meredith and Memorandum in Support* ("Motion to Strike") on August 2, 2013, (Doc. 70).  In her Motion to Strike, Plaintiff points out that the information contained in the "Introduction" section of Defendants Meredith and Brackeen's Motion for Partial Summary Judgment is not supported by citations to the record; Plaintiff requests that this information be stricken. (Doc. 70 at 1-2).  Plaintiff's Motion to Strike was unnecessary; the Court has not considered this information in its analysis of Defendants Meredith and Brackeen's Motion for Partial Summary Judgment.  Plaintiff's Motion to Strike is **DENIED AS MOOT**.

### IV.    Conclusion

For the reasons outlined above, *Motion for Partial Summary Judgment Filed By Defendants Eric Brackeen and Jon Meredith and Memorandum In Support*, (Doc. 64), is **GRANTED IN PART AND DENIED IN PART.**

**IT IS FURTHER ORDERED** that:

i.    Plaintiff's claims of wrongful detention under § 1983 and the New Mexico Tort Claims Act are **DISMISSED WITH PREJUDICE**;

ii.   Defendants Meredith and Brackeen's Motion for Summary Judgment on Plaintiff's unlawful profiling claims is **DENIED**;

iii. Defendants Meredith and Brackeen's Motion for Summary Judgment on whether Mr. Lucero shot first is **DENIED**;

iv. Defendants Meredith and Brackeen's Motion for Summary Judgment on Plaintiff's claims that Defendants failed to render appropriate medical care and immediately contact emergency medical services, brought under the New Mexico Tort Claims Act, is **DENIED AS MOOT** because these claims were voluntarily dismissed with prejudice; and

v. To the extent that Defendants Meredith and Brackeen moved for summary judgment on Plaintiff's other claims brought under the New Mexico Tort Claims Act, their Motion for Summary Judgment is **DENIED**.

_____
THE HONORABLE CARMEN E. GARZA
UNITED STATES MAGISTRATE JUDGE