IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

LISA J. HERRERA, as Personal Representative
of the Estate of RUDOLFO R. LUCERO, Deceased,

    Plaintiff,

vs.                                                                                      CV 11-848 CG/KBM

CITY OF ROSWELL, ROBERT SMITH,
ERIC BRACKEEN, and JOHN MEREDITH,

    Defendants.

## ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION

**THIS MATTER** is before the Court on *Plaintiff's Motion for Reconsideration of Order Granting In Part and Denying In Part Defendants Brackeen and Meredith's Motion for Partial Summary Judgment* ("Motion for Reconsideration"), filed on April 22, 2014, (Doc. 107). Plaintiff moves for reconsideration of the Court's *Order Granting In Part and Denying In Part Defendants Brackeen and Meredith's Motion for Partial Summary Judgment* ("Order"), in which it dismissed Plaintiff's claims of wrongful detention/unlawful seizure. (Doc. 90).

The Federal Rules of Civil Procedure do not recognize a motion for reconsideration. However, when a court misunderstood the facts or misapplied the law, relief may be granted under Federal Rule Civil Procedure 59, or if errors have been made in the court's memorandum and judgment, relief from such errors may be sought under Rule 60. Although Plaintiff has not cited the rule under which it seeks reconsideration, the substance of the Motion for Reconsideration suggests that she is relying on Rule 59(e), which allows a party to file a motion to alter or amend a judgment within 28 days after entry of the judgment. FED. R. CIV. P. 59(e). In this case, Plaintiff

has filed her Motion for Reconsideration six months after the Court entered its Order, and less than two weeks before trial. Plaintiff has offered no explanation for the delay in filing the Motion for Reconsideration and, therefore, the Court finds that it should be denied as untimely.

Furthermore, Plaintiff's Motion for Reconsideration fails to address the primary ground on which the Court dismissed her claims of wrongful detention, which was that a seizure did not occur because Mr. Lucero did not yield to a show of authority. (Doc. 90 at 6). Thus, Plaintiff has not provided good cause for granting her Motion for Reconsideration.

**IT IS THEREFORE ORDERED** that *Plaintiff's Motion for Reconsideration of Order Granting In Part and Denying In Part Defendants Brackeen and Meredith's Motion for Partial Summary Judgment* is **DENIED**.

_____
THE HONORABLE CARMEN E. GARZA
UNITED STATES MAGISTRATE JUDGE