IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

LISA J. HERRERA, as Personal Representative
of the Estate of RUDOLFO R. LUCERO, Deceased,

    Plaintiff,

vs.                                                                     CV 11-848 CG/KBM

CITY OF ROSWELL, ROBERT SMITH,
ERIC BRACKEEN, and JOHN MEREDITH,

    Defendants.

**ORDER ON THE PARTIES' MOTIONS IN LIMINE
AND OBJECTIONS TO WITNESSES AND EXHIBITS**

This matter is before the Court after the Final Pretrial Conference held on May 1, 2014. During the proceeding, the parties presented argument in support of *Defendants' Objection to Plaintiff's Proposed Voir Dire*, (Doc. 127), Objections to Exhibits, (Doc. 110; Doc. 114); and Motions in Limine and Objections to Witnesses, (Doc. 111; Doc. 112; Doc. 113). After hearing argument, the Court ruled on the motions and objections for the reasons articulated on the record and as further outlined in this Order.

    **I.    Oral Motion to Bifurcate Trial**

The parties jointly moved to bifurcate the trial. The Court granted the motion pursuant to Federal Rule of Civil Procedure 42(b). The first phase of the trial will concern Plaintiff's claims of excessive force, racial profiling, and the tort claims against Defendants Brackeen and Meredith. The second phase of the trial, should the jury find that the actions of Defendants Brackeen and/or Meredith constituted a constitutional violation or tortious conduct, will concern the Plaintiff's claims of municipal liability under 42 U.S.C. § 1983 against Defendant City of Roswell and damages.

## II. Defendants' Objection to Plaintiff's Proposed Voir Dire (Doc. 127)

Defendants' Objections to Plaintiff's Proposed Voir Dire are sustained. Plaintiff may rephrase the proposed voir dire; the amended questions shall be submitted to Defendants and the Court before Monday, May 5, 2014, at which time the Court will rule on any objections to Plaintiff's Amended Proposed Voir Dire.

## III. Defendants' Objections to Plaintiff's Exhibit List (Doc. 114)

For reasons discussed on the record, Defendants' Objection to Plaintiff's Exhibit 18 (log of radio traffic) is sustained, though the Court may revisit the issue should Plaintiff introduce a witness to authenticate the document.

For reasons discussed on the record, the Court has taken under advisement Defendants' Objection to Plaintiff's Exhibit 21 (the Medal of Valor Letter).

For reasons discussed on the record, Defendants' Objection to Plaintiff's Exhibit 22 (Firearm Tracing) is sustained. Plaintiff's Exhibit 22 is not admitted.

Defendants' Objection to Plaintiff's Exhibit 24 (RPD Relevant Policies) is sustained. As discussed on the record, Plaintiff's Exhibit 24 cannot be admitted as a stand alone exhibit.

Defendants' Objections to Plaintiff's Exhibits 27 and 28 (photographs from scene and autopsy) were withdrawn after the parties conferred and came to an agreement as to which photographs would be introduced.

## IV. Plaintiff's Objections to Defendants' Proposed Exhibits (Doc. 110)

Plaintiff's Objection to Defendants' Exhibit A is sustained in part and overruled in part, as further articulated in conjunction with Plaintiff's Motion in Limine.

2

### V. Plaintiff's Motion in Limine and Objections to Defendants' Witnesses (Doc. 111; Doc. 112)

For reasons discussed on the record, Defendants will be allowed to mention that there was an outstanding warrant for Rudolfo Lucero, and the Court will allow Defendants to offer testimony that Mr. Lucero was aware that the warrant existed. Defendants will not be permitted to introduce the names of the crimes for which Mr. Lucero had been convicted.

The fact of Mr. Lucero's criminal history will be excluded from the first phase of the trial, though the Court may revisit the issue if Plaintiff opens the door.   Similarly, Mr. Lucero's statements to Ms. Pena and Ms. Montoya will not be admitted.   Testimony regarding Mr. Lucero's criminal history will be permitted during the damages portion of the trial, as it is relevant to Plaintiff's expert's testimony.

Plaintiff's Motion in Limine as to Defendants' expert witnesses is granted; the experts will not be permitted to testify to opinions outside their expertise.

### VI. Defendants' First Motion in Limine and Objections to Plaintiff's Witnesses (Doc. 113)

For reasons discussed on the record, Defendants' Motion in Limine is granted in part and denied in part.

*A. Parts A and B*

Plaintiff shall be precluded from offering testimony, evidence, or argument that Defendants Brackeen and Meredith wrongfully detained Mr. Lucero (Part A), but the general facts surrounding the incident may be discussed.   For the same reasons, the Court granted Defendants' Motion as to Part B.

3

> B. Part C

Defendants also move to exclude witnesses Charles Noriega, Rose Herrera, and Amanda Arevas from testifying.  For reasons discussed on the record, the Court denied this request; the witnesses will be permitted to offer testimony regarding the racial profiling claim, but cannot testify regarding wrongful detentions/seizures.

> C. Part D

Defendants move to exclude testimony regarding "Roswell Police Department's employees' activities."  As discussed on the record, witnesses shall be permitted to testify regarding encounters with Roswell Police Officers as they relate to the witness's personal knowledge and Plaintiff's claim that the Roswell Police Department had a policy and/or custom of racial profiling.  Such testimony shall be admitted during the second phase of the trial; Defendants' Motion is denied as to Part D.

> D. Part E

The Court grants Defendants' motion to exclude argument, testimony, or evidence regarding negligent supervision, training, customs, or policies that was not disclosed in discovery.

> E. Part F

The Defendants move to exclude evidence of a 2010 settlement by the City of Roswell.  The Court took this matter under advisement.

> F. Parts G and H

Defendants' Motion to preclude witness Joe Hooten from testifying to matters concerning Mr. Lucero's intent and the allegations of Roswell Police Department's policy

of racial profiling is granted.   Mr. Hooten is restricted to testify only as to facts within his knowledge.

### G. Parts I, J, K, L, O, and P

For reasons discussed on the record, Defendants' Motion as to Parts I, J, K, L, O, and P is granted.

### H. Part M

The Defendants move to exclude testimony, argument, or evidence regarding the Albuquerque Police Department or any other police department.   Court took this matter under advisement.

### I. Part N

As discussed on the record, Defendants' Motion to exclude evidence that police officers did not follow standard operating procedures is granted, but the issue may be reconsidered after the first phase of the trial

**IT IS SO ORDERED.**

_____
CARMEN E. GARZA
UNITED STATES MAGISTRATE JUDGE