IN THE UNITED STATES DISTRICT COURT
DISTRICT OF NEW MEXICO

LISA J. HERRERA, as Personal Representative
Of the Estate of RUDOLFO R. LUCERO, Deceased,

    Plaintiff,

vs.                                             Cause No. CIV-11-848 CG/KBM

CITY OF ROSWELL, ERIC BRACKEEN,
and JOHN MEREDITH,

    Defendants.

## PRETRIAL ORDER

This matter is before the Court pursuant to Federal Rule of Civil Procedure 16.

## I.  APPEARANCES

Attorneys who will try the action:

    For Plaintiff        Gary C. Mitchell
                                    P.O. Box 2460
                                    Ruidoso, New Mexico 88345

                                    Damon Richards
                                    P.O. Box 5950
                                    Lubbock, Texas  79408

    For Defendants    Mr. Bryan Evans
                                    Ms. Carla Neusch Williams
                                    Ms. Barbara Smith
                                    Atwood, Malone, Turner & Sabin, PA
                                    P.O. Drawer 700
                                    Roswell, NM 88202-0700

## II. JURISDICTION AND RELIEF SOUGHT

**A. Subject Matter Jurisdiction.**

**1. Was this action removed or transferred from another forum?** \_\_\_\_Yes

\_\_X\_\_ No. If yes, was the action removed or transferred?

**2. Is subject matter jurisdiction of this Court contested?**

\_\_X\_\_ Uncontested \_\_\_\_\_ Contested _____

**3. Asserted basis for jurisdiction.**

\_\_X\_\_ Federal Question \_\_\_\_\_ Diversity \_\_\_\_\_ Other

Statutory Provisions Invoked: 18 USC § 1331 (Federal Question); 42 USC § 1983; United States Const. Amend. 4; United States Const. Amend. 14; Pendant Jurisdiction over state claims; NMSA 1978 §41-4-1 through 54-4-27.

**B. Personal Jurisdiction and Venue.**

**1. Is personal jurisdiction contested?**

\_\_x\_\_ Uncontested \_\_\_\_ Contested

*Identify the party contesting personal jurisdiction and basis for objection:*

Defendants filed Motions for Summary Judgment alleging immunity; these were denied on other grounds.

**2. Is venue contested?**

\_\_X\_\_ Uncontested \_\_\_\_\_ Contested _____

**C. Are the proper parties before the Court?**

\_\_X\_\_ Uncontested \_\_\_\_\_ Contested

**D. Identify the affirmative relief sought in this action.**

2

1. Plaintiff seeks: Compensation for damages, attorneys' fees, and costs.
2. Defendant seeks: Not applicable.

### III.  BRIEF DESCRIPTION OF NATURE OF CLAIMS/DEFENSES.

**A. Plaintiff's claims:**

Plaintiff brings this Complaint for Damages caused by the violation of the civil and constitutional rights of Rudolfo Lucero ("Decedent") and by tortious conduct on the part of Defendants on September 23, 2009.  Officers Brackeen and Smith participated in the use of excessive force upon Decedent.  Defendants Brackeen and Meredith violated Decedent's rights under the Fourth and Fourteenth Amendments to the United States Constitution when they unreasonably used excessive force and unlawfully profiled Decedent.  Plaintiff asserts claims of supervisory and municipal liability against Defendant City of Roswell for affirmatively and proximately causing Decedent's constitutional injury, as well as municipal liability, and liability for failure to train and failure to supervise.  Plaintiff further asserts claims of assault and battery in causing the wrongful death of Mr. Lucero under the New Mexico Tort Claims Act against all Defendants, including municipal liability under state tort law.

**B. Defendant's defenses:**

Defendants deny the contentions of Plaintiff and incorporate their arguments, defenses, and points raised in their Answer to the Complaint and other filings.  Mr. Lucero's death was the direct result of his own actions in shooting at the officers. The officers' use of force against Mr. Lucero was reasonable, in the defense of themselves

and others.

Defendants further state the following:

These Defendants believed in good faith that their actions were lawful, and such belief was reasonable, thereby entitling them to qualified immunity.

Plaintiff's state law claims are subject to the rights, limitations, immunities, provisions and caps of the New Mexico Tort Claims Act, which confers immunity from Plaintiff's claims on these Defendants. Further, these Defendants' liability for state law claims, if any, is subject to the statutory cap of Section 41-4-19 the New Mexico Tort Claims Act. Pursuant to Section 41-4-19 the New Mexico Tort Claims Act, these Defendants are not liable for Plaintiff's state law claims for punitive or exemplary damages, prejudgment interest or attorneys' fees.

To the extent Plaintiff attempts to make a claim of negligent supervision against these Defendants, Plaintiff's Complaint fails to state a claim upon which relief may be granted, as such claims are barred by the New Mexico Tort Claims Act.

## IV. FACTUAL CONTENTIONS UNDERLYING CLAIMS/DEFENSES

**A. Stipulated Factual Contentions.**

The parties agree to the following facts listed separately below:

1. Plaintiff Lisa Herrera is a resident of the State of New Mexico and was appointed as Personal Representative of the Estate of Rudolfo Lucero and is the appropriate party to bring this cause of action.

2. Defendant City of Roswell is a municipality and governmental entity within the State of New Mexico.

3. At all material times, the individual defendants were acting within the scope of their duties as law enforcement officers and under color of state law.

## B. Contested Material Facts.

1. Plaintiff's Contentions:

    a. Decedent was walking along Tilden Street in Roswell, New Mexico on September 23, 2009.

    b. Defendant Meredith was dressed in plain clothes and was driving an unmarked vehicle on the morning of September 23, 2009.

    c. Decedent was not engaged in any violation of the law and was minding his own business.

    d. Defendants Meredith and Brackeen detained Decedent without reasonable suspicion of criminal activity.

    e. Decedent began to run and Officer Meredith began chasing Decedent and fired the first shot at Decedent.

    f. Decedent was shot six times by Officers Meredith and Brackeen, with the trajectory being from back to front.

    g. Decedent was shot twice by Officers Brackeen and/or Meredith in the forehead and left eye with the trajectory being from front to back.

    h. Decedent was killed by Officers Meredith and/or Brackeen.

    i. Defendants Brackeen and Meredith utilized unconstitutional

    excessive force on Decedent.

  j.  Defendant City of Roswell failed to properly train and supervise Defendants Brackeen and Meredith.

  k.  Defendant City of Roswell had an official policy, unwritten customs, patterns or practices, training, and/or supervision which caused Defendants Brackeen and Meredith to violate Decedent's constitutional rights.

  l.  The City of Roswell established an official policy, followed an unwritten custom, and/or was aware and knew of a pattern or practice which caused Defendants Brackeen and Meredith to violate Decedent's constitutional rights.

  m.  The failure of training, establishment of official policy, unwritten custody, or pattern or practice was deliberately indifferent to and caused the violation of Decedent's rights.

  n.  Officers Brackeen and Meredith's actions constituted assault, battery, and eventual death of Rudolfo Lucero.

2. Defendant's Contentions:

  a.  Defendants Meredith and Brackeen acted appropriately in contacting Lucero and asking to speak with him.

  b.  Defendants Meredith and Brackeen acted appropriately in ordering Lucero to stop after they saw a gun in his pocket.

  c.  Lucero did not submit to Defendants Meredith and Brackeen's

requests to stop.

    d.    Lucero was not detained until after he fired shots on Defendants Meredith and Brackeen.

    e.    Lucero fired his weapon on the officers, and fired before either of the officers returned fire.

    f.    Defendants Meredith and Brackeen acted appropriately in returning fire on Lucero, so as to protect themselves and others.

    g.    Defendants Meredith and Brackeen were adequately and appropriately trained and supervised at all times.

## V. APPLICABLE LAW

**A. Do the parties agree which law controls the action?**

   __X__ Yes    _____ No

**If yes, identify the applicable law.** 42 USC §1983 and the Fourth and Fourteenth Amendment to the United States Constitution and the New Mexico Tort Claims Act.

## VI. CONTESTED ISSUES OF LAW

**Identify the specific issues of law which are contested.**

1. Plaintiff:

    a.    Whether Defendants violated Decedent's clearly established Fourth and Fourteenth Amendment Rights and New Mexico State law by using excessive force in effecting his death, and/or supervising or training those who effected the death.

    b.    Whether Defendants violated the New Mexico state law by

                committing the enumerated torts (assault and battery) against Decedent under the New Mexico Tort Claims Act.

    c.    Whether Defendant City of Roswell have municipal liability and/or supervisory liability (policies, customs, patterns, practices, failure to train, and supervisory liability) for the constitutional and state law violations committed against Decedent.

    d.    Whether Plaintiff is entitled to compensatory and punitive damages against Defendants.

    e.    Whether Plaintiff is entitled to an award of attorneys' fees and costs, and in what amount.

    f.    Any contention of law denoted as a contention of fact is so intended, and incorporated herein.

2. Defendants:

    a.    In addition to the contested issues raised by Plaintiff, Defendants incorporate by reference their arguments, points and authorities raised in Defendants' Motions for Summary Judgment.

## VII.  MOTIONS

The Court has ruled on all pending motions.

## VIII.  DISCOVERY

**A.  Has discovery been completed?**  __X__ Yes  _____ No

**B.  Are there any discovery matters of which the Court should be aware?**

## IX.  ANTICIPATED WITNESSES

**A.  Plaintiff's Witnesses:**

1. *Plaintiff will call or have available at the first phase of trial the following witnesses:*

    Jaime Ramirez
    420 E. Jefferson
    Roswell, NM 88201

    Mr. Ramirez will testify as to what he witnessed on September 23, 2009, and his observances and knowledge of the Roswell Police Department employees' activities in the past.

    Alfonso Pena
    501 E. Tilden
    Roswell, NM 88201

    Mr. Pena will testify as to what he witnessed on September 23, 2009, and his observances and knowledge of the Roswell Police Department employees' activities in the past.

    Melinda Pena
    910 E. Alameda Street
    Roswell, NM 88201

    Ms. Pena will testify as to what she witnessed on September 23, 2009, and the Roswell Police Department activities that she has observed and of which she has knowledge in the past.

    Joe Hooten
    505 E. Tilden
    Roswell, NM 88201

    Mr. Hooten is expected to testify about what he witnesses on September 23, 2009, what he has observed, and that of which he has knowledge of the Roswell Police Department employees' activities.
    .
    Defendant John Meredith
    c/o Bryan Evans
    P.O. Drawer 700
    Roswell, NM 88202-0700

Defendant Meredith is expected to testify about his version of the events that took place on September 23, 20009, as well as his knowledge regarding standard operating policy and procedure at the Roswell Police Department, and policies and procedures that were carried out on September 23, 2009.

Defendant Eric Brackeen
c/o Bryan Evans
P.O. Drawer 700
Roswell, NM 88202-0700

Defendant Brackeen is expected to testify about his version of the events that took place on September 23, 20009, as well as his knowledge regarding standard operating policy and procedure at the Roswell Police Department, and policies and procedures that were carried out on September 23, 2009.

Tim Davidson
Roswell Police Department
P.O. Box 1994
128 West 2nd
Roswell, NM 88202

Mr. Davidson is expected to testify about the Roswell Police Department dispatch records from the night of September 23, 2009.

Sharon Young
Roswell Police Department
P.O. Box 1994\
128 West 2nd
Roswell, NM 88202

Ms. Young is expected to testify about the Roswell Police Department dispatch records from the night of September 23, 2009.

Any and all witnesses identified by Defendants. Any and all witnesses necessary for impeachment or rebuttal of Defendants' witnesses.

Clarissa Krinsky, MD (Non-Retained Expert Witness)
MSC11 6030
1 University of New Mexico
Albuquerque, NM 87131-0001

10

Dr. Krinsky will testify either in person or by deposition testimony as to the autopsy results of Rudolfo L. Lucero, and matters within her expertise in performing autopsies, the trajectory of the bullets, and which shots led to the direct death of Rudolfo L. Lucero. Should Dr. Krinsky be unable to appear personally at the time of trial, her testimony will be by deposition and her entire deposition is designated to be used.

Michael Lyman (Retained Expert Witness)
3703 Hunter Valley Drive
Columbia, MO 65203

Expert witness on police practice, procedures, policies, customs and standards and violation of same by Defendants.

1. *Plaintiff will call or have available at the second phase of trial the following witnesses:*

Jaime Ramirez
420 E. Jefferson
Roswell, NM 88201

Mr. Ramirez will testify as to what he witnessed on September 23, 2009, and his observances and knowledge of the Roswell Police Department employees' activities in the past.

Alfonso Pena
501 E. Tilden
Roswell, NM 88201

Mr. Pena will testify as to what he witnessed on September 23, 2009, and his observances and knowledge of the Roswell Police Department employees' activities in the past.

Melinda Pena
910 E. Alameda Street
Roswell, NM 88201

Ms. Pena will testify as to what she witnessed on September 23, 2009, and the Roswell Police Department activities that she has observed and of which she has knowledge in the past.

Joe Hooten
505 E. Tilden
Roswell, NM 88201

Mr. Hooten is expected to testify about what he witnessed on September 23, 2009, what he has observed, and that of which he has knowledge of the Roswell Police Department employees' activities.

Amanda Areavas
906 S. Ash
Roswell, NM 88201

Ms. Areavas is expected to testify about what she has observed and that of which she has knowledge of the Roswell Police Department's employees' activities.

Rose Herrera
2303 Portales Road
Roswell, NM 88201

Ms. Herrera is expected to testify about what she has observed and that of which she has knowledge of the Roswell Police Department's employees' activities.

Charles Noriega
407 Husky Road
Roswell, NM 88201

Mr. Noriega is expected to testify about what she has observed and that of which he has knowledge of the Roswell Police Department's employees' activities.

Raquel Montoya
910 E. Alameda
Roswell, NM 88201

Ms. Montoya will testify as to what she witnessed on September 23, 2009, what she has observed, and that of which she has knowledge of the Roswell Police Department employees' activities.

Lisa Herrera
c/o Damon Richards
P.O. Box 5950
Lubbock, TX 79408-5950

Ms. Herrera is expected to testify about what she has observed and that of which she has knowledge of the Roswell Police Department's employees' activities.

Any and all witnesses identified by Defendants. Any and all witnesses necessary for impeachment or rebuttal of Defendants' witnesses.

Alan Parkman (Retained Expert Witness)
1416 Marquette Place NE
Albuquerque, NM 87106
Expert witness in economics that will testify to his opinion on compensatory damages to the Decedent and Wrongful Death Beneficiaries.

**B. Defendant's Witnesses:**

1. *Defendant will call or have available at trial the following witnesses:*

Defendant John Meredith
c/o Bryan Evans
P.O. Drawer 700
Roswell, NM 88202-0700

Defendant Meredith is expected to testify about the events that took place on September 23, 2009

Defendant Eric Brackeen
c/o Bryan Evans
P.O. Drawer 700
Roswell, NM 88202-0700

Defendant Brackeen is expected to testify about the events that took place on September 23, 2009

Damon Fay (expert)
LETCS
P.O. Box 36990
Albuquerque, NM 87176
505-269-4860

Mr. Fay is expected to testify consistently with his expert report.

Kris Sperry, M.D. (expert)
Sperry Forensic Pathology Consultants
170 Nixon Road
Senoia, GA 30276-3291

Dr. Sperry is expected to testify consistent with his expert report.

   *2.   Defendant may call the following witnesses:*

   Filomeno Gonzales

   Mr. Gonzales is expected to testify consistent with his deposition and any police report he may have authored.

   Saturnino Chavez
   1003 W. 14th St.
   Roswell, NM 88201
   (575) 622-4375.

   Mr. Chavez has information concerning the incident giving rise to this lawsuit.

   Sgt. Charlie Corn
   c/o Roswell Police Department
   128 W. 2nd
   Roswell, NM 88201
   (575) 624-6770.

   Sgt. Corn has information concerning the incident giving rise to this lawsuit and other incidents involving Rudolfo Lucero including aggravated assault on a peace officer.

   Any custodians of records/witnesses necessary to authenticate documents.

## X. TRIAL PREPARATION

**A. Exhibits.**

The parties have conferred over all trial exhibits. At this time, the following exhibits have been admitted, and the Court may make further evidentiary rulings:

Plaintiff's Exhibits:

- Exhibit 1
- Exhibit 2
- Exhibit 3
- Exhibit 4
- Exhibit 5
- Exhibit 6

14

- Exhibit 7
- Exhibit 8A-8I
- Exhibit 9
- Exhibit 10
- Exhibit 11A-11BB
- Exhibit 12A-12FF

Defendants' Exhibits (First Phase of Trial)
- Exhibit B
- Exhibit C
- Exhibit D
- Exhibit E
- Exhibit F
- Exhibit G
- Exhibit H
- Exhibit I
- Exhibit J
- Exhibit K

Defendants' Exhibits (Second Phase of Trial)
- Exhibit A
- Exhibit B
- Exhibit C
- Exhibit D
- Exhibit E
- Exhibit F
- Exhibit G
- Exhibit H
- Exhibit I
- Exhibit J
- Exhibit K
- Exhibit L
- Exhibit M

All exhibits must be marked before trial. Plaintiff's exhibits shall be marked with numbers, and Defendants' exhibits shall be marked with letters. The identification number or letter will remain the same whether the exhibit is admitted or not.

**B. Witness Lists.**

Witness lists have been properly filed. The Court has ruled on all objections to witnesses, but may make further evidentiary rulings at trial.

**C. Voir Dire.**

**1.** If allowed, do the parties wish to participate in *voir dire*?

Plaintiff     __X__ Yes    _____ No

Defendants   __X__ Yes   _____ No

**2.** The parties have filed their "Proposed Voir Dire Questions."

**D. Jury Instructions and Verdict.**

**1. In General.** The parties have submitted jury instructions and a proposed juror questionnaire. Based on those submissions, the Court will issue its proposed instructions and a proposed juror questionnaire. The parties will have an opportunity to file objections.

**E. Statement of Case.**

The parties have submitted a consolidated statement of the case which will be read by the Court to the jury at the beginning of the trial. The Court will advise as to whether a second statement of the case is necessary should the trial proceed to the second phase.

## XI. OTHER MATTERS

**A. Length of Trial and Trial Setting.**

**1.** This action is a  _____ Bench trial   __X__ Jury Trial   _____ Both

**2.** The case is set for trial on **May 5, 2014.**

16

**3.** The estimated length of trial is **five (5)** days.

## XII.  EXCEPTIONS

None.

## XIII.  MODIFICATIONS-INTERPRETATION

The Pretrial Order when entered will control the course of trial and may only be amended *sua sponte* by the Court or by consent of the parties and Court approval. The pleadings will be deemed merged herein.

_____
THE HONORABLE CARMEN E. GARZA
UNITED STATES MAGISTRATE JUDGE